BACÓ, DEMANDANTE Y APELANTE, *v.* FRANCESCHI, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un procedimiento de *injunction.*

No. 2904.—Resuelto en julio 26, 1923.

*Injunction* CONTRA ARRENDATARIO POR DESTRUCCIÓN DE ARBOLES—DISCRECIÓN JUDICIAL.—No constituye abuso de discreción el negar la expedición de un mandamiento de *injunction* definitivo pedido por el arrendador contra un arrendatario, que se alega, ha derribado arboles en la finca arrendada. Demostrando la prueba que los actos de destrucción no eran apoyados por el arrendatario, quien aseguró al demandante que no continuarían ejecutándose, y no apareciendo que los actos de que se queja el demandante eran continuados o de probable continuación y que los daños eran más o menos irreparables, es preciso concluir que al negar el auto, la corte hizo buen uso de su discreción.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. G. Rodríguez.*

Abogados del apelado: *Sres. J. y M. Tous Soto.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Corte de Distrito de Ponce se negó a expedir una orden de *injunction* y como la expedición de un mandamiento es cuestión que está dentro de la sana discreción de la corte, el objeto de esta revisión es determinar si la corte cometió tal abuso de discreción que esté justificada una revocación. El demandante, Emilio Bacó Sánchez, arrendó dos solares a Alejandro Franceschi siendo dos de las cláusulas del contrato de arrendamiento como sigue:

"8. Se prohibe derribar árboles que sirvan de sombra al ganado en los cercados, excepto si se dedicase a la siembra de cañas dulces, pues entonces se le permitirá destruir aquellos que sean absolutamente necesarios por las exigencias de aquel cultivo a juicio del arrendatario."

"11. La falta de pago de un semestre de arrendamiento o la infracción de cualquiera de las estipulaciones de este contrato por parte del arrendatario, será causa suficiente para que se considere rescindido, pudiendo tomar posesión de las fincas arrendadas los arrendadores, inmediatamente, sin perjuicio de su derecho o el de sus causahabientes a reclamar del arrendatario los daños y perjuicios que se les hubieren irrogado por el quebrantamiento de este contrato en los que se incluirán costas, gastos y honorarios de abogados, caso de reclamación judicial."

Fué un hecho establecido en el juicio que unos doce árboles de húcar fueron destruídos.

La corte resolvió que el remedio adecuado por la destrucción de los árboles era el consignado en la cláusula 11 del contrato, la cual permitía al demandante rescindir el arrendamiento, y desde luego recobrar daños y perjuicios.

La corte también resolvió que un *injunction* es un auto de carácter prospectivo y declaró que no había habido prueba de que el demandado continuaba o se proponía continuar los actos impugnados. La prueba, en verdad, tiende a demostrar que el demandado aseguró al demandante que los actos de destrucción no eran apoyados por él y que se realizaron sin su autorización y no continuarían ejecutándose. Hubo también cierta prueba de que los árboles en

particular que fueron destruídos no eran de gran valor. También dijo la corte que los daños se especificaban en el contrato.

Dice el apelante que no quería someter al demandado a un castigo tan violento como era el echarle del sitio cuando él podía llegar al mismo resultado por medio de un *injunction*, pero para que un demandado quede sujeto a este auto en alguna forma, debe aparecer que los actos de que se queja el demandante eran en cierto modo continuados o probables de continuar y que los daños producidos o que pudieran causarse eran más o menos irreparables. Un cálculo hecho por el apelado tendería a indicar que los daños causados o que pudieran causarse al apelante eran relativamente pequeños. La suma de $2,000 que se alega como deterioro de la propiedad fué excesiva; y en todo caso pudieron haberse recobrado los daños por medio de una acción ordinaria.

No encontramos que haya habido abuso de discreción, debiendo, por tanto, confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.